**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ANGEL DEAGUEROS-MOTA,
Petitioner,

v.

WARDEN OF IMPERIAL REGIONAL DETENTION FACILITIY, et al.,
Respondents.

Case No.: 3:26-cv-04892-RBM-MSB

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND CLOSING CASE**

**[Docs. 1, 2]**

Petitioner Angel Deagueros-Mota ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. 1) and a Motion for Appointment of Counsel (Doc. 2). Petitioner has previously filed habeas petitions through counsel. *See Deagueros Mota v. Bondi*, Case No. 3:26-cv-01254-RBM-MSB, ECF No. 1 (S.D. Cal. Feb. 26, 2026) ("the 1254 Action"); *Deagueros Mota v. Blanche*, Case No. 3:26-cv-02830-RBM-MSB, ECF No. 1 (S.D. Cal. May 4, 2026) ("the 2830 Action").

In the 1254 Action, this Court concluded that Petitioner was detained pursuant to 8 U.S.C. § 1231(a). (Doc. 9 at 3–5.) This Court found that Petitioner had not met his

burden under *Zadydas v. Davis*, 533 U.S. 678 (2001) to show that his removal was not significantly likely in the reasonably foreseeable future, and dismissed the petition without prejudice. (*Id.* at 7–8.)

About three months later, in the 2830 Action, this Court again denied Petitioner's *Zadvydas* claims without prejudice, finding that "even now that Petitioner has attended his medical examination and has ostensibly filed his Forms I-485, I-601, and I-212, the mere filing of those applications does not support a finding that his removal is not significantly likely in the reasonably foreseeable future." (Doc. 13 at 2–3.) The Court granted Petitioner leave to file a second amended petition "should circumstances change after the Ninth Circuit's ruling on his pending Petition for Review or the processing of Petitioner's Forms I-485, I-601, and I-212." (*Id.* at 3.) The Court further ordered that "the amended Petition shall be filed in [the 2830 Action]; it **SHALL NOT** be filed as a new habeas petition." (*Id.* (emphasis in original).)

On August 27, 2026, Petitioner filed a new habeas petition, the operative Petition in this case. (Doc. 1.) The Petition provides no new information or grounds for relief that were not raised in the two prior petitions. The Court therefore **DISMISSES** the Petition (Doc. 1). *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") (citation modified); *Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023) (same as to duplicative habeas petitions).

As the Court explained in its previous Order in the 2830 Action, Petitioner's *Zadvydas* claim has not been dismissed with prejudice, and Petitioner may file an amended petition if "circumstances change after the Ninth Circuit's ruling on his pending Petition for Review or the processing of [his USCIS applications]." (Doc. 13 at 3.) But any amended petition must be filed in the 2830 Action. (*Id.*) The Clerk of Court is thus directed to **CLOSE** this case. In light of the above, Petitioner's Motion for Appointment of Counsel

(Doc. 2) is **DENIED as moot**.

**IT IS SO ORDERED**.

DATE: August 31, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE